COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-088-CR

 

 

TIMOTHY CARL WYCOFF                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Timothy Carl Wycoff pleaded guilty to possession of less than one gram of
methamphetamine.  On August 9, 2007, the
trial court placed him on two years=
deferred adjudication community supervision. 
The State filed a petition to proceed to adjudication on April 18, 2008,
alleging that Wycoff had violated several conditions of his community
supervision, including testing positive for marijuana on several occasions,
failure to report to community supervision on three occasions, failure to pay
community supervision and crime stoppers fees, failure to pay for drug testing,
and failure to attend outpatient treatment. 
Wycoff pleaded Atrue@ to the
allegations.  The trial court adjudicated
Wycoff guilty and sentenced him to two years=
confinement.

Wycoff=s court‑appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In the brief,
counsel averred that, in his professional opinion, this appeal is frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might
arguably support the appeal.  See Mays
v. State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  This court
afforded Wycoff the opportunity to file a brief on his own behalf, but he did
not do so.  The State also chose not to
file a brief.








Once an
appellant=s court-appointed attorney files
a motion to withdraw on the ground that the appeal is frivolous and fulfills
the requirements of Anders, this court is obligated to undertake an
independent examination of the record.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); see also
Mays, 904 S.W.2d at 922B23.  Only then may we grant counsel=s motion
to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).

We have
carefully reviewed counsel=s brief
and the record.  We agree with counsel
that the appeal is wholly frivolous and without merit.  We find nothing in the record that might
arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex.
Crim. App. 2005).  Accordingly, we grant
counsel=s motion
to withdraw and affirm the trial court=s
judgment.

 

 

 

 

 

BILL MEIER

JUSTICE

 

PANEL:  GARDNER, WALKER, and
MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 18, 2010











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).